# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA PEREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 10-9218-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

## PROCEEDINGS

On December 6, 2010, Martha Perez ("Plaintiff" or "Claimant" or "Perez") filed a complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer to the Complaint on June 24, 2011. On August 29, 2011, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**BACKGROUND**

Plaintiff Perez is a 38 year old female who filed an application for Social Security disability and disability insurance benefits on October 1, 2007, alleging disability beginning November 17, 2006. (AR 11.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 13.)

Plaintiff's claim was denied initially on July 25, 2008. (AR 11.) Plaintiff filed a timely request for a hearing, which was held on July 9, 2009, in Los Angeles, California, before Administrative Law Judge ("ALJ") Alexander Weir III. (AR 11-21.) Plaintiff appeared and testified at the hearing. (AR 11.) Vocational expert ("VE") Heidi Paul also appeared at the hearing. (AR 11.) Claimant was represented by counsel. (AR 11.)

The ALJ issued an unfavorable decision on September 25, 2009. (AR 11-21.) Plaintiff timely filed a request for review, which was denied by the Appeals Council on September 24, 2010. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the issues Plaintiff raises as grounds for reversal and remand are as follows:

1. Whether the ALJ erred in failing to evaluate whether Plaintiff met or equaled listing 1.02.
2. Whether the ALJ failed to provide clear and convincing reasons to reject Plaintiff's subjective complaints.
3. Whether the ALJ's hypothetical to the vocational expert included all of the limitations found by the ALJ.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is

not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC")[1]. 20 C.F.R. § 416.920(e). RFC is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

# THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 17, 2006, the alleged onset date. (AR 13.)

At step two, the ALJ found that Plaintiff has the medically determinable severe impairments of an ankle injury, back disorder, and mental depression. (AR 13.)

At step three, the ALJ determined that Plaintiff does not have an impairment that meets or medically equals one of the listed impairments. (AR 16.)

The ALJ then found that the Plaintiff had the RFC to perform light work with limitations:

> She can lift and carry 20 pounds occasionally and 10 pounds frequently.
> She can stand and walk for 4 hours out of an 8 hour day. She requires
> the ability to sit and stand as needed. She requires a cane to ambulate.
> She also is moderately limited in performing detailed or complex tasks
> and in maintaining concentration and attention. She is thus capable of a
> reduced range of light work.

(AR 17.) In determining this RFC, the ALJ also appears to have made an adverse credibility determination regarding Plaintiff's subjective pain symptoms. (AR 17-19.)

At step four, the ALJ found that Plaintiff is not capable of performing her past relevant work as a grocery store manager and cashier. (AR 19.) The ALJ, however, found at step five that there were other jobs in the national economy that exist in significant numbers that Plaintiff can perform, including fundraiser, survey worker and blood donor assistant. (AR 20.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 20.)

**DISCUSSION**

The ALJ decision must be reversed. The ALJ's RFC is incomplete and unsupported by substantial evidence. The ALJ opinion fails to evaluate Plaintiff's diagnosed medical impairments of reflex sympathetic dystrophy and chronic pain syndrome, and the ALJ also failed to develop the record fully by not obtaining RFC assessments from Plaintiff's treating physicians. Additionally, the ALJ improperly rejected Plaintiff's credibility regarding her pain symptoms.

## I.    RELEVANT EVIDENCE OF RECORD

The ALJ found that Plaintiff suffers from the medically determinable severe impairments of ankle injury, back disorder, and mental depression. (AR 13.) On November 12, 2006, Plaintiff experienced a slip and fall accident that resulted in a grade 3 posterior tibial tendon tear in her Achilles tendon. (AR 14, 158, 165, 232, 236.) Ultimately, in March 2009, Plaintiff had surgery on the tendon in her left ankle. (AR 341-43, 406-08, 420.) Also in November 2006, Claimant complained of a low back pain sharp and radiating to the left leg after lifting something heavy and was diagnosed with lumbar radiculopathy. (AR 14, 164-65.) She underwent physical therapy for these impairments and was prescribed Tylenol, vicodin and prednisone. (AR 14.) Currently, she is taking Neurontin, Motrin and morphine three times daily. (AR 36.) Kaiser medical records also indicated evidence of mental impairment, and Plaintiff was prescribed Wellbutrin, Xanax, Atavan, Nortipuline, Bupropion, Lorazepam, and other medications. (AR 14.)

The ALJ opinion relies heavily on Dr. Augustine Conduah, a consulting orthopedist who evaluated Plaintiff's ankle and back impairments. (AR 14, 18, 19.) In a February 10, 2008, report, Dr. Conduah opined that Claimant could perform light work but limited to sitting, standing and walking for four hours in an eight hour workday. (AR 14, 236.) He specified that a cane is necessary for all ambulation, and that Plaintiff cannot walk on uneven terrain. (AR 236-37.) State agency physician Dr. Joanne Zheutlin reviewed the medical evidence of record on March 5, 2008, and generally concurred in Dr. Conduah's RFC except that she

opined that Plaintiff should be limited to standing and walking for 2 hours in an 8 hour day. (AR 14, 241.)

In a report dated September 25, 2008, Kaiser pain management physician Dr. Khalid Ahmed diagnosed Claimant with left foot and ankle strain, herniated lumbar disc, reflex sympathetic dystrophy (RSD) in the left lower extremity, and severe anxiety and depression. (AR 14, 428-35.) SSR 03-02p indicates that RSD is a chronic pain syndrome most often resulting from trauma to a single extremity; patients typically report persistent, burning, aching or searing pain. Dr. Ahmed found sharp, burning pain. (AR 18.) He opined Plaintiff would require extensive physical therapy, medication, epidural injection, and possible surgical intervention. (AR 14, 434-35.)

On May 29, 2009, Kaiser physician Dr. Ahangar diagnosed Plaintiff with chronic pain syndrome and repeated the diagnosis of RSD. (AR 341, 343.) Chronic pain syndrome "has both a physical and psychological component" and the components are "not neatly separable." Lester v. Chater, 81 F.3d 821, 829 (9th Cir. 1995). Kaiser psychologists and psychiatrists also made diagnoses of chronic pain syndrome in their treatment notes in late 2008. (AR 460, 464, 467, 470, 472.)

State agency reviewing psychiatric consultants reviewed the medical evidence and diagnosed affective disorder and mental depression of moderate severity, findings which were supported by similar findings of other mental health professionals. (AR 14-16.) The ALJ concluded that Claimant's mental depression results in mild limitations in daily living activities and moderate limitations in her social functioning and ability to maintain concentration, persistence and pace. (AR 16.)

## II. THE ALJ'S STEP THREE DETERMINATION WAS NOT ERRONEOUS

Plaintiff asserts that Plaintiff should have been found disabled at step three of the sequential evaluation process. Specifically, Plaintiff contends that Ms. Perez met or equaled both Listing 1.02 and 1.04, and also failed to consider Plaintiff's diagnosis of RSD as possibly disabling. Plaintiff's argument lacks legal merit.

**A.     Relevant Federal Law**

Social Security regulations provide that a claimant is disabled if he or she meets or medically equals a listed impairment. Section 416.920(a)(4)(iii) ("If you have an impairment that meets or equals one of our listings . . . we will find that you are disabled"); Section 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience"). In other words, if a claimant meets or equals a listing, he or she will be found disabled at this step "without further inquiry." Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). There is no need for the ALJ to complete steps four and five of the sequential process. Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).

The listings in Appendix 1 describe specific impairments considered "severe enough to prevent an individual from doing gainful activity, regardless of his or her age, education, or work experience." Section 404.1525. An impairment that meets a listing must satisfy all the medical criteria required for that listing. Section 404.1525(c)(3). An impairment cannot meet a listing based only on a diagnosis. Section 404.1525(d).

Medical equivalence will be found if the impairment "is at least equal in severity and duration to the criteria of any listed impairment." (Section 404.1526(a). Medical equivalence is based on symptoms, signs and laboratory findings, but not subjective symptoms. Section 404.1529(d)(3).

**B.     Analysis**

At the hearing, Plaintiff's counsel presented argument that Ms. Perez met or equaled Listings 1.02 and 1.04. The ALJ opinion does not address these listings, only Listing 12.04 for Plaintiff's mental impairments. Plaintiff claims that the ALJ erred in failing to evaluate or even mention Listings 1.02 and 1.04. To be sure, "[a]n ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's

impairment does not do so." Lewis, 236 F.3d at 512, citing Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

In this case, however, the ALJ fully discussed all of the relevant medical evidence of record at step two in finding that Plaintiff can perform light work with limitations. (AR 13-16.) The Ninth Circuit in Lewis held that an ALJ is required to discuss and evaluate the evidence that supports his or her conclusions but "Marcia does not specify that the ALJ must do so under the heading 'Findings.'" Lewis, 236 F.3d at 513; see also Kruchek v. Barnhart, 125 Fed. Appx. 825, 827 (9th Cir. 2005) (adequately analyzed evidence elsewhere in decision); Harns v. Astrue, 2009 WL 801347, at *7 (N.D. Cal. March 25, 2009) (discussion and evaluation of evidence at step four supported ALJ's step three conclusion that impairments did not equal Listing 1.04; "Lewis does not require that support for the ALJ's conclusions be placed in a specific section of the report").

Here, the ALJ cites medical evidence that Plaintiff's functional limitations are not disabling, evidence that clearly is inconsistent with a disabling impairment. (AR 14.) No physician provided a contrary RFC assessment. Plaintiff presented no medical evidence that Plaintiff's impairments, singly or in combination, meet or equal Listing 1.02, 1.04 or any other listing. Indeed, Plaintiff relies on Dr. Conduah's assessment that she should not walk on uneven terrain, but Dr. Conduah provided an RFC that Plaintiff nonetheless could perform light work. Section 1.02 requires proof of an inability to ambulate effectively which means "an extreme limitation of the ability to walk." Section 1.00 B2b(i). Dr. Conduah found Plaintiff could walk 4 hours out of an 8 hour day. (AR 236.)

There was no error here. "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). The Burch Court went on to fault the claimant in that case for failing even to offer a plausible theory (id.) and Plaintiff here contends that she did so, but Burch and Lewis make clear that a claimant also must present medical evidence

9

that he or she meets or equals a listing. Plaintiff did not present any medical evidence that she met or equaled a listing. A theory like that presented by Plaintiff or a diagnosis like RSD is insufficient to establish medical equivalence. Section 404.1525(d).

## III. THE ALJ'S RFC ASSESSMENT WAS ERRONEOUS

The ALJ assessed Claimant with an RFC for light work with limitations. All of the limitations are exertional except for moderate limitations in performing detailed or complex tasks and in maintaining concentration based on her mental impairments. The ALJ's RFC does not recognize any nonexertional limitations due to her alleged pain.

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e)(2). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

### A. The RFC Fails To Consider All Relevant Medical Evidence

The ALJ mentions Dr. Ahmed's diagnosis of RSD in the left lower extremity and that Dr. Ahmed found burning, sharp pain (AR 14, 18), but the ALJ fails to discuss and evaluate the impairment. The ALJ opinion does not mention SSR 03-02p. The medical evidence of the impairment is undisputed. The ALJ may not reject a treating physician's uncontradicted opinion without clear and convincing reasons supported by substantial evidence. Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). Even if the ALJ opinion is read as implicitly rejecting this diagnosis or any functional limitations due to the impairment, the ALJ nonetheless would have to present specific, legitimate reasons supported by substantial reasons for doing so. Id. More generally, the ALJ may not ignore relevant medical evidence without giving specific, legitimate reasons for doing so. Smolen, 80 F.3d at 1282; Reddick, 157 F.3d at 722-23 (impermissible for ALJ to develop evidentiary basis by "not fully accounting for the context of materials or all parts of the testimony and reports"). The ALJ

erred in not presenting clear and convincing reasons or specific, legitimate reasons for rejecting Dr. Ahmed's diagnosis.

The Commissioner (not the ALJ) argues that Dr. Ahmed failed to provide an RFC, but Dr. Ahmed was assessing industrial causation. (AR 434.) An ALJ may not ignore such opinions but must translate them into corresponding Social Security terminology. Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002). The ALJ, moreover, had a duty to obtain or at least request an RFC assessment from Dr. Ahmed. In Social Security cases, the ALJ has a special independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d at 441, 443 (9th Cir. 1983). Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing or keeping the record open after hearing to allow supplementation of the record. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ's failure to address the diagnosis of RSD as a separate impairment and to develop the record properly was error.

The ALJ opinion, moreover, does not discuss or even acknowledge Plaintiff's chronic pain syndrome as a separate impairment. Plaintiff's treating physicians, both physical and mental, repeatedly presented this diagnosis. (AR 343, 460, 464, 467, 470, 472.) The medical evidence of the impairment is undisputed. The ALJ offers no explanation for its omission from his discussion of the medical evidence. The ALJ does not offer clear and convincing or specific, legitimate reasons supported by substantial evidence for rejecting the opinions of Plaintiff's treating physicians who diagnosed this impairment. The ALJ's failure to address these repeated diagnoses of chronic pain syndrome as a separate impairment was error.

It is an error that undermines the Commissioner's arguments that none of Plaintiff's treating physicians followed up on the RSD diagnosis and that Plaintiff did not receive any follow-up treatment for the condition. Both RSD and chronic pain syndrome are different diagnoses of the same chronic pain impairment. There are numerous diagnoses of both impairments and Plaintiff was prescribed morphine three times daily. (AR 36.) The Commissioner's arguments misstate and are unsupported by the evidence.

The ALJ's RFC is incomplete and not supported by substantial evidence, and the ALJ failed to develop the record fully.

### B. The ALJ Improperly Discounted Plaintiff's Credibility

The ALJ's failure to evaluate Plaintiff's diagnoses of RSD and chronic pain syndrome is of special significance because both of these diagnoses are supportive of Plaintiff's subjective pain symptoms, which the ALJ does not credit. For this and other reasons, the ALJ's adverse credibility determination was not based on clear and convincing reasons supported by substantial evidence.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms

only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

In determining Plaintiff's RFC, the ALJ appears to have made an adverse credibility determination regarding Plaintiff's subjective pain symptoms. The ALJ did not make any finding of malingering. Thus, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ's reasons here do not satisfy that standard.

In rejecting Plaintiff's subjective pain symptoms, the ALJ relies heavily on the medical evidence, citing the opinions of Dr. Conduah, and State agency reviewing physician Dr. Joanne Zheutlin. (AR 18-19.) There are two problems with the ALJ's reliance on the medical evidence. First, as a matter of law a claimant's testimony on the severity of symptoms cannot be discredited solely because it is unsupported by objective medical evidence, Reddick, 157 F.3d at 722.[2] Second, the diagnoses of RSD and chronic pain syndrome were made after the RFC assessments of Dr. Conduah and Dr. Zheutlin who did not consider these impairments and thus their opinions cannot be relied on as a basis for rejecting these diagnoses. The Ninth Circuit gives limited weight to an opinion based on a one-time examination without review of medical records. Reddick, 157 F.3d at 727. Because the ALJ failed to consider Plaintiff's medical impairments of RSD and chronic pain syndrome in discounting her credibility and had no medical evidence to reject those impairments, the medical evidence cannot be a clear and convincing reason supported by substantial evidence for rejecting Plaintiff's subjective symptoms.

The ALJ's next argument for rejecting Plaintiff's subjective pain symptoms is that Plaintiff stated that "she could work if she were able to alternate sitting or standing as

---

[2] Medical evidence, however, is relevant even if not determinative. Smolen, 80 F.3d at 1285.

needed." (AR 18, 19.) Plaintiff made no such statement. This is what Plaintiff said at the hearing:

> Q. What about a job where you could sit, not your old job but some other job where you could sit and you wouldn't have to lift anything or be on your feet too long, what do you think would be the problem with that?
>
> A. If I could sit and stand, it would be, you know - -, it's just - -
>
> Q. You need to - - do you need to stand up after a while from sitting?
>
> A. And, too, the problem is my medication. I'm right now - - I did not take my morphine. I only took one of the Neurontins because I - - it's just that I'm groggy. I'm sleepy.
>
> Q. Do you sleep during the day?
>
> A. I actually sleep - - probably I fall asleep maybe at 6:00 in the morning and I'll sleep probably until like 10:00. And I try to stay awake but it's just too hard.

(AR 39-40.) This is not a statement that the Claimant can work. The Commissioner argues that the ALJ interpreted Plaintiff's remarks to mean she might be able to do other work and the Court should not second guess the ALJ's interpretation of the evidence if reasonable. Rollins, 261 F.3d at 857. In this case, however, the ALJ's interpretation was not reasonable, particularly in view of the Claimant's testimony that taking morphine three times a day makes her sleepy and unable to work.

The ALJ's conclusory statement that Claimant "reported only minor adverse side effects from prescribed medication" is plainly contrary to the evidence. Claimant testified that her morphine medication prevented her from working and that she had to skip it to be able to attend the hearing. The Commissioner tries to justify the ALJ's finding by citing evidence from the record supporting that finding. Those citations, however, refer to medications other than morphine. (AR 18, 128, 140.) The ALJ's medication finding is not supported by substantial evidence.

The ALJ's next reason for rejecting Plaintiff's subjective pain symptoms is that she performs a "plethora of activities of daily living and has not had to curtail those activities due to pain." (AR 18.) An ALJ properly may discount a claimant's credibility if his daily activities contradict his other testimony or demonstrate the capacity for work. Orn, 495 F.3d at 639; Burch, 400 F.3d at 680-81 (upholding ALJ's determination that daily activities detracted from plaintiff's credibility). Here, however, the ALJ misstates the record again in stating that Claimant admitted that she is able to care for two young children and never actually stopped caring [*sic*] for them." (AR 18.) The record is clear that Claimant's mother and father live with her and they and her husband help with her daughter and take her to school and help with chores. (AR 39-45.) Also, the "plethora" of activities cited is actually quite small and not particularly probative of the ability to work. For example, the ALJ says Claimant remains capable of shopping but inconsistently says that "she hangs on a cart at the store and only shops for 10 minutes." (AR 18.) SSR 96-8p (1996) provides, "Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis . . . A regular and continuing basis "means 8 hours a day, for 5 days a week." None of Claimant's daily activities cited by the ALJ evidence the ability to work on a regular, continuing basis. The Commissioner correctly observes that a reviewing court should not second guess an ALJ's interpretation of the evidence if it is reasonable. Rollins, 261 F.3d at 857. The ALJ's interpretation of the evidence here regarding Plaintiff's daily activities, however, is simply not reasonable.

The Commissioner argues that Plaintiff received only conservative treatment but this was not a reason advanced by the ALJ and thus cannot be considered. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (Court cannot base its ruling on considerations not addressed in the ALJ decision).

In sum, the ALJ's reasons for discounting Plaintiff's credibility are neither clear and convincing nor supported by substantial evidence.[3]

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings in accordance with this Memorandum Opinion and Order and with law.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 17, 2011

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

---

[3] Based on the Court's rulings that will require further development of the record and reevaluation of the ALJ's RFC, there is no reason to reach Plaintiff's third contention that the ALJ's hypothetical to the VE did not include all relevant limitations.